UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 22-9152-DMG (PVCx)** | Date | December 18, 2024 |
|---|---|---|---|
| Title | ***WenZhou Dianwang Lighter Co., Ltd, v. Friends Marketing 2, Inc., et al.*** | Page | 1 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: [IN CHAMBERS] ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF PROSECUTION AND REGARDING MOTION TO WITHDRAW HEARING**

## I.
## ORDER FOR PLAINTIFF TO SHOW CAUSE

On October 31, 2023, the Court denied a motion to dismiss and granted a motion to compel arbitration filed by the remaining Defendants in this action, Friends Marketing 2, Inc. and Friends Marketing, Inc.  The Court stayed this action and placed it in inactive status pending arbitration. [Doc. # 59 at 7.]  The Court ordered the parties to notify the Court within 10 days of the conclusion of arbitration or the receipt of an arbitral ruling.  *Id.*

On December 17, 2024, more than a year later, attorney Griffen J. Thorne, who represents Defendants, filed a motion to withdraw as counsel of record.  MTW [Doc. # 62.]  Thorne asserts that it is his understanding that Plaintiff, WenZhou Dianwang Lighter Co., Ltd., "has not taken steps to move forward with arbitration since the case was ordered to arbitration over one year ago." [Doc. # 62-1 at 4.]

Accordingly, the Court **ORDERS** Plaintiff to show cause no later than **January 3, 2025** why this case should not be dismissed for lack of prosecution.  Plaintiff may file a status report or a notice of voluntary dismissal in response to this order to show cause.  Plaintiff's failure to comply with this Order to Show Cause will result in dismissal of this action for failure to prosecute and to comply with a Court Order.[1]

---

[1] Dismissal of this action will moot the pending motion to withdraw.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 22-9152-DMG (PVCx)** | Date | December 18, 2024 |
|---|---|---|---|
| Title | ***WenZhou Dianwang Lighter Co., Ltd, v. Friends Marketing 2, Inc., et al.*** | Page | 2 |

## II.
## ORDER REGARDING DEFENSE COUNSEL'S MTW

Attorney Thorne of Lewis Brisbois Bisgaard and Smith LLP (and formerly of Harris Sliwoski, LLP) and Lewis Brisbois move to be terminated as counsel for Defendants in this action. This would also result in the termination of *pro hac vice* defense counsel Jesse D. Mondry of Harris Sliwoski if alternative local counsel does not substitute in for Thorne. *See* L.R. 83-2.1.3.4.

Thorne states that in September 2024, he left Harris Sliwoski LLP and joined Lewis Brisbois. He mistakenly believed that the action was terminated at that time, although he since realized the action is inactive but not terminated. Defendants are not, according to Thorne, Lewis Brisbois clients and did not execute an engagement agreement with that firm. Further, Thorne asserts that a partner at Harris Sliwoski indicated that firm no longer represents Defendants, either: "[c]onsequently, Harris Sliwoski has not agreed to substitute in another California-licensed attorney admitted in the Central District of California to represent the . . . Defendants in the Action. However, Mr. Mondry, who is still an attorney with Harris Sliwoski, continues to be listed in the docket as *pro hac vice* counsel for the Friends Defendants." [Doc. # 62-1 ¶ 11.]

"A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." C.D. Cal. L.R. 83-2.3.2. "The motion for leave to withdraw must be supported by good cause." *Id.* Thorne's proof of service states the MTW was served on Defendants. [Doc. # 62 at 8.]

Thorne shall serve a copy of this Order on Defendants. He is further ordered to notify both Defendants that if a request for substitution of counsel *that identifies an attorney who will represent them* is not filed before the hearing (which would obviate the need for the hearing), their representatives must personally appear for the hearing on the motion to withdraw.[2] **Defendants' representatives' failure to appear at the hearing may result in the entry of default against Defendants. Moreover, Defendants (who are corporate entities) are not permitted to represent themselves *pro se* in this Court and, if the MTW is granted, they will be found in default if they have not obtained alternative counsel.** *See* L.R. 83-2.2.2.

---

[2] All hearings in this Court are in person unless the Court grants permission otherwise. For instructions to request permission to appear remotely, see https://www.cacd.uscourts.gov/honorable-dolly-m-gee.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 22-9152-DMG (PVCx)** | Date | December 18, 2024 |
|---|---|---|---|
| Title | ***WenZhou Dianwang Lighter Co., Ltd, v. Friends Marketing 2, Inc., et al.*** | Page | 3 |

No later than **December 27, 2024,** Thorne shall file (1) a proof of service indicating service of this Order on Defendants and (2) a declaration regarding the status of compliance with this Order.

**IT IS SO ORDERED**.